UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| HENRY GONZALEZ-VALASQUEZ,  )  )     Plaintiff,                              )  )  V.                                                )  )  DR. MICHAEL GROWSE,            )  )     Defendant.                          ) | Civil Action No. 5:11-CV-214-KKC  **MEMORANDUM OPINION  AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Henry Gonzalez-Valasquez is an individual currently incarcerated in the Federal Medical Center in Lexington, Kentucky. Gonzalez-Valasquez, proceeding without counsel, has filed a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against Dr. Michael Growse, the Clinical Director at FMC-Lexington, alleging that he failed to treat his medical needs in violation of his Eighth Amendment rights. Gonzalez-Valasquez seeks damages and an order compelling further treatment.

Because Gonzalez-Valasquez has been granted permission to pay the filing fee in installments and asserts claims against government officials, the Court conducts a preliminary review of his complaint. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts Gonzalez-Valasquez's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if

it determines the action (a) is frivolous or malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks monetary damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim unless its sets forth sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it is not enough to allege facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009).

Gonzalez-Valasquez states that on June 17, 2009, he was diagnosed at the University of Kentucky Medical Center with (1) chronic gastric inflammation; (2) byspopsia; and (3) dysphagia. He claims that as of the filing of his complaint, June 30, 2011, he had yet to be treated at FMC-Lexington either by Dr. Cordero, his designated physician at FMC-Lexington, or ordered to be treated by Dr. Michael Growse, Clinical Director, for these medical conditions. He claims that such lack of treatment violates his constitutional rights.

Gonzalez-Valasquez has exhausted his administrative remedies with respect to his claims. Denying his Request for Administrative Remedy #577654-F1, Warden Hickey stated:

> A review of relevant portions of your medical record reveals a history of anxiety disorder, personality disorder, and complaints of chronic tonsillitis and gastritis. You have been evaluated for an eating disorder but deny purging. You repeatedly ask for further diagnostic studies and surgery, but there are no clinical findings to warrant surgery for tonsillitis. Based upon your response, you were evaluated by the Psychologist; however, you were not receptive to the suggestion there may be a psychological component to your subjective complaints. Although no medical intervention is warranted at this time, you still have access to healthcare providers. You also have access to psychology services for support in understanding and coping with your anxieties and concerns.

[R. 13-3] Gonzalez-Valasquez appealed to the BOP's Mid-Atlantic Regional Office ("MARO"), which denied his appeal on March 24, 2010, for the following reasons:

2

> You appeal the Warden's response to your request for administrative remedy. You contend deliberate indifference by medical staff related to a throat-related condition. You request additional diagnostic testing and surgery for your condition.
>
> Investigation of your complaint reveals your medical condition has been thoroughly evaluated and treated. Review of your medical record reveals a clinical history of chronic tonsillitis for greater than two (2) years. On January 29, 2010, your condition was evaluated by your primary care physician. Physical examination of your pulmonary system, including your throat, reveal no acute clinical findings and/or abnormalities. Following examination, you were advised a specialty consultation request to evaluate your tonsils had been submitted. The institution Utilization Review Committee will review your request and a decision regarding the clinical necessity for consultation will be performed. You will be notified of the committee's decision in writing as it is completed. On February 2, 2010, you returned to the clinic with complaints of throat discomfort. Physical assessment revealed slight redness with no evidence of drainage. No immediate treatment was clinically indicated or warranted. You were provided counseling regarding your presenting symptoms and access to care and advised to return to the clinic immediately if your condition became worse. You returned full verbal understanding of all information discussed with you. Your condition will continue to be monitored and treated through scheduled Chronic Care Clinic appointments.
>
> Further review of your medical record reveals you have not returned to the clinic with throat related complaints or concerns since your appointment on February 2, 2010.
>
> Your medical plan of care, developed and implemented by your primary care provider team, is adequate and complete. Your condition has been sufficiently addressed and prescribed medication and treatment is appropriate. There is no evidence to support your contention of deliberate indifference by medical staff related to a throat related condition or your request for additional diagnostic testing or surgery for your condition at this time. You are encouraged to continue to work with your primary care provider team for other health care related issues and concerns.

[R. 13-4] Gonzalez-Valasquez appealed this denial to the BOP's Central Office. On January 18, 2011, the BOP denied his appeal, stating:

> This is in response to your Central Office Administrative Remedy Appeal in which you contend you suffer from an uncontrollable cough due to heavy mucus in your throat. As relief, you request a complete and proper examination and a prescribed treatment plan for your throat condition.
>
> Relevant portions of your medical record have been reviewed which reveal you have

> been diagnosed with allergic rhinitis, for which you are receiving prescribed medication. You are being followed in the Chronic Care Clinic where your medical complaints are being addressed. On February 12, 2010, the Clinical Director notified you in writing about the Utilization Review Committee's decision of a medical consultation request. The request was reviewed and was not warranted at that time. It was determined that the medical staff continue to monitor your medical condition. Should you feel your condition has worsened, you are encouraged to seek medical attention through normal sick call procedures. The record reflects you are receiving medical care and treatment in accordance with Bureau policy.

[R. 13-5]

In order to state a viable claim under the Eighth Amendment with respect to medical care provided in the prison setting, a prisoner must establish that prison medical staff acted with "deliberate indifference" to his or her serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05(1976). This is a knowing, culpable state of mind which is shown only where the prisoner's health care provider demonstrates an intentional disregard for an excessive risk of harm to the inmate, such as by intentionally preventing the inmate from receiving prescribed treatment or intentionally delaying him access to needed medical care. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Importantly, a prisoner cannot show deliberate indifference where he or she is being provided with medical treatment, but the prisoner disagrees with a doctor's reasonable medical judgment regarding the most appropriate course of treatment: a mere difference of opinion concerning the best treatment plan does not indicate deliberate indifference. *Sharpe v. Patton, et al.*, 2010 WL 227702 (E.D. Ky. 2010). Here, Gonzalez-Valasquez has a difference of opinion with his medical care providers as to what his course of treatment should be. His physicians have examined him on numerous occasions, and have found no objectively observable symptoms which suggest that far more drastic measures, such as throat surgery, are warranted. While Gonzalez-Valasquez disagrees,

4

a prisoner's mere disagreement with a diagnosis or treatment is not actionable under *Bivens* as it cannot establish that the defendant is deliberately indifferent to his medical needs or condition. *Rodriguez v. Lappin*, 2009 WL 2969510 (E.D. Ky. 2009); *Greer v. Daley*, 2001 WL 34377922, at *3 (W.D. Wis. 2001). Because "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain'" but instead constitutes " "at most ... medical malpractice," Gonzalez-Valasquez's allegations fail to state an Eighth Amendment claim. *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996); *Brooks v. Celeste*, 39 F.3d 125, 128-29 (6th Cir.1994); *Cuco v. Federal Medical Center - Lexington*, 2006 WL 1635668 (E.D.Ky. 2006), *aff'd*, 257 F. App'x 897 (6th Cir. 2007). As the Court has previously explained,

> . . . While it appears that the plaintiff has not gotten what he wants, what he wants is not the issue. Ordering a specific type of surgery is not the appropriate function of this Court ... at most the plaintiff has alleged a difference in opinion between the plaintiff and his health care providers regarding the expediency of a specific treatment. This does not generally create a constitutional claim.

*Alexander v. Federal Bureau of Prisons*, 227 F. Supp.2d 657, 666 (E.D. Ky. 2002). Because the plaintiff's allegations do not suggest any indifference to his serious medical needs, he has failed to state a Constitutional claim arising under the Eighth Amendment.

Accordingly, **IT IS ORDERED** that:

1      Plaintiff's complaint [R. 2] is **DISMISSED**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the docket.

Dated this 8th day of August, 2012.



**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**

5